PER CURIAM.
This is a timely appeal from a judgment of conviction and sentences involving nine felonies. Since appellant was only seventeen years of age, the trial court elected to sentence appellant as an adult on five of the felonies, and adjudge him delinquent on four felonies. Accordingly, the court committed appellant to the custody of H.R.S. to serve four years probation on each of four felonies, and sentenced him as an adult to four years probation with conditions. The imposition of the adult sanctions is the subject of this appeal.
In imposing adult sanctions on appellant, a juvenile, the trial court failed to set forth in writing the reasons for imposing adult sanctions as required by section 39.-lll(6)(d), Florida Statutes (1983). In an effort to correct that oversight, we relinquished jurisdiction to the trial court to make this required record. Appellant requested that he be allowed to be present at the consideration of grounds for imposing adult sanctions. However, the court proceeded without his being present. We believe that was error.
Accordingly, we reverse the sentence in its entirety and remand the cause to the trial court with directions to resentence appellant, giving due consideration to the propriety of sentencing him to both adult and juvenile sanctions. If adult sanctions are imposed, the trial court is directed to follow the dictates of section 39.111(6)(c) and (d) and consider the required criteria and make the required findings in writing. Furthermore, appellant shall be afforded an. opportunity to be present at resentenc-ing.
REVERSED AND REMANDED with directions.
HERSEY, C.J., and DOWNEY and LETTS, JJ., concur.